IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
*Miami Division*

JESSICA FOSTER,

    Plaintiff,                                             CASE NO.: 1:22-cv-22190-KMM

v.

MD TURBINES LOGISTICS, INC.,

    Defendant,

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS COUNTS II, V AND VII OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, JESSICA FOSTER (hereinafter referred to as "Plaintiff" and/or "Ms. Foster"), by and through her undersigned counsel, hereby file this Memorandum of Law in Opposition to Defendant's, MD TURBINES LOGISTICS, INC. (hereinafter referred to as "Defendant" and/or "MD Turbine"), Partial Motion to Dismiss Plaintiff's Counts II, V, and VII of Plaintiff's Amended Complaint (hereinafter referred to as "Motion to Dismiss" and/or "Motion"). In support of her Memorandum, Plaintiff state as follows:

**INTRODUCTION**

Defendant's Partial Motion seeking dismissal of Counts II, V, and VIII of Plaintiff's Amended Complaint (hereinafter referred to as **"Complaint"**), is misleading as to the law and must be denied. As set forth herein, Counts II, V, and VIII of Plaintiff's Complaint contains sufficient factual allegations to put Defendants on adequate notice of the claims asserted against them and the grounds upon which they rest. Plaintiff's Complaint satisfies the necessary administrative prerequisites in moving forward against the Defendant for violations of the Miami Dade County Ordinance ("MDCO") for pregnancy discrimination, hostile work environment, and

1

retaliation. Defendant's Motion fails to establish any meaningful pleading deficiencies or failures in the administrative filings themselves. For this and other reasons, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Partial Motion in its entirety.

## **STANDARD OF LAW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Arista Records. LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). The standard is one of "flexible plausibility," "requiring a pleader to amplify her complaint with sufficient factual allegations to 'nudge [her] claims across the line from conceivable to plausible.'" *Chepak v. Metro. Hosp.*, No. 13 Civ. 1726, 2014 WL 552682, at *1 (2d Cir. Feb. 13, 2014) (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, the Court must "assume [the] veracity" of the allegations set forth, draw all "reasonable inference[s]" in the plaintiff's favor, and use its "judicial experience and common sense" to conduct a "context-specific" analysis of the complaint. *Iqbal*, 556 U.S. at 678–79. Federal Rule of Civil Procedure 8(a)(2) does not require the plaintiff to plead "specific evidence" explaining precisely how the defendant's conduct was unlawful, *Arista Records*, 604 F.3d at 119–21, but only facts sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations omitted).

"Under *Iqbal* and *Twombly*, then, in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against h[er] and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, No. 14-2265-CV, 2015 WL 5127519, at *11 (2d Cir. Sept. 2, 2015). In determining whether the complaint states a plausible discrimination case, a "court must be mindful of the 'elusive' nature of intentional discrimination." *Id.* at 11.

## LEGAL ARGUMENT

**I. Plaintiff Foster has Satisfied and Exhausted all Administrative Remedies in Advance of filing her Complaint**

The Defendant's brief motion fails to present any applicable caselaw or substantive argument other than to merely state out of context that Plaintiff having not received a Right to Sue Letter *directly* from the Miami Dade Commission in some way invalidates and/or interferes with her ability to continue to pursue her rights under County law.

The MDCO 11 A-28(7), states in pertinent part:

> "The Director's finding related to probable cause shall be made, so far as practicable, no later than one hundred eighty (180) days after receipt of the complaint or amended complaint. [….] If the Director determines that no probable cause exist to believe that a violation of this chapter has occurred or is about to occur, the Director shall promptly dismiss the complaint. The Director shall publicly disclose each such dismissal."

MDCO, 11 A-28(7).

In their Motion to Dismiss, the Defendant's entire argument relies on a restrictive and narrow reading of MDCO 11 A-28(10)(a). As noted by the defense, the provision states:

> "If within one hundred eighty (180) days after a complaint is filed alleging discrimination, the Director has been unable to obtain voluntary compliance with the provisions of this Article, the aggrieved person may demand a notice of right-to-sue from the Director, the issuance of which shall terminate the jurisdiction of

3

> the Director and the Board over such a complaint. Not later than ninety (90) days following receipt of the notice of right-to-sue, the aggrieved person may commence a civil action in a court of competent jurisdiction against the respondent named in the complaint."

MDCO, 11 A-28(10)(a).

The problem, simply stated, is the application of the above provision. Applying this one provision in isolation is misleading and fails to consider additional provisions applicable herein and the working relationship between the United States Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), and the Miami Dade Human Rights Commission ("MDHRC"). Plaintiff's charge was filed originally and investigated solely, by the EEOC in accordance with the applicable work-sharing agreements. "Once an agency begins an investigation, it resolves the charge." *See "Work Sharing Agreement, FY 2008", Pg. 2 (II)(c), annexed hereto as Exhibit A*.

The issue of the controlling investigator and timeliness of complaints has been one addressed from time-to-time not necessarily as to the county investigations but, more commonly, in interpreting the work sharing agreement between the State of Florida and the Federal Government. In *Sheridan,* the Court evaluated whether Sheridan's complaint was "premature" in that it was filed before the FCHR was afforded the statutory 180-days to conduct its investigation. In conducting its analysis, the Court reviewed the statutory construction of the Florida Civil Rights Act ("FCRA") at length. The Court opined that the EEOC and FCHR, pursuant to a work sharing agreement, each "has authorized the other to accept discrimination charges or complaints on the other's behalf." *Sheridan v. State Dept. of Health*, 182 So.3d 787, 789-790 (Fla. 2016). The Court, in applying the state law, determined that the "Because Ms. Sheridan filed her lawsuit against the Department before obtaining a reasonable cause determination from the Commission *or waiting*

*for 180 days to lapse,* she failed to exhaust her administrative remedies." *Id.* at 793 (emphasis added).

The Court went on to determine that, despite the premature filing, Ms. Sheridan's claims should have prevailed on Summary Judgement in that the "premature filing of Ms. Sheridan's lawsuit was indeed cured by the passage of time before the issue of the premature filing went before a trial court. *The premature filing did not deprive the Commission of the opportunity to fulfill its statutorily mandated responsibilities under the Act.*" *Id*. at 795 (emphasis added). The same can easily be concluded herein.

As noted in Plaintiff's Complaint, Ms. Foster initially dual filed her charge of discrimination on November 18, 2020, with three administrative agencies: (1) the EEOC; (2) the FCHR; and (3) the MDHRC. *Pl. Am. Comp., Par. 16*. Once filed, Plaintiff Foster allowed time for the agency leading the investigation, the EEOC, to proceed in its proper course. After one-hundred and eighty (180) days had lapsed in the investigation and having not received any form of notice as to the investigative status, Plaintiff initiated the herein lawsuit on April 4, 2022, within Florida State Court for the Eleventh Judicial Circuity in Miami Dade County.

At the time of her initial filing, Plaintiff's administrative charge had been under investigation by the EEOC, on behalf of itself, the FCHR, and the MDHRC, for a period of four hundred ninety-two (492) days. In fact, as of the time of this filing, it has been six hundred twenty-five (625) since Plaintiff initiated the administrative proceeding and still no determination has been issued by the FCHR or MDHRC.[1] Having not received any decision by the state or county

---

[1] The EEOC issued Plaintiff Foster a "Notice of Right to Sue" on April 12, 2022 citing that "[m]ore than 180 days have passed since the filing of the charge." *Annexed hereto as Exhibit B.*

agencies, Plaintiff timely moved her complaint forward utilizing the available mechanisms to bring a private cause of action.

Accordingly, the Defendant's Partial Motion to Dismiss must be denied in it entirely.

## CONCLUSION

For the reasons set forth above, the Plaintiff respectfully requests that the Court deny the Defendant's Partial Motion to Dismiss Counts II, V, and VIII of Plaintiff's Amended Complaint, in its entirety.

Alternatively, in the event this Honorable Court determines that, despite the EECO serving as the proper investigative agency and in light of the EEOC's issuances of the Notice of Right to Sue, Plaintiff failed to obtain a notice directly from the MDHRC, Plaintiff requests that the Court stay the proceeding for up to thirty (30) days to permit Plaintiff to cure.

Dated:  Miami, Florida
   August 15, 2022

**DEREK SMITH LAW GROUP, PLLC**

_s/ Caroline H. Miller, Esq
Caroline H. Miller, Esq.
Derek Smith Law Group, PLLC
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Caroline@dereksmithlaw.com

*Counsel for Plaintiff*

*[Certificate of service on the following page]*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on August 15, 2022, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

_s/ Caroline H. Miller_
Caroline H. Miller, Esq.
